**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Summit Entertainment, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Bath & Body Works Brand Management, Inc., a Delaware corporation, and Does 1-10, inclusive,<br><br>Defendants. | CV 11-3570 RSWL (JCx)<br><br>**ORDER Re: Defendant's Motion to Dismiss or Transfer [8]** |

On June 28, 2011, Defendant Bath & Body Works Brand Management, Inc.'s ("BBW") Motion to Dismiss or Transfer [8] came on for regular calendar before this Court. The Court, having reviewed all papers submitted pertaining to this Motion, and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Defendant BBW's Motion to Dismiss. However, the Court **GRANTS** the alternative

1

relief requested of transferring Plaintiff Summit Entertainment, LLC's ("Summit") California Action to the Southern District of New York. The Court finds that Defendant BBW has satisfied the requirements necessary for granting its Motion to Transfer pursuant to the first-to-file rule as set forth by <u>Alltrade, Inc. v. Uniweld Products, Inc.</u>, 946 F.2d 622, 623 (9th Cir. 1991).

First, the Court finds that Defendant BBW has properly shown that its declaratory judgment action in New York ("New York Action") was filed before Plaintiff Summit's later-filed suit in California ("California Action"). Second, the Court finds that there is sufficient similarity between the parties in the New York and California Actions given that the parties are identical. Finally, the Court finds that the New York and California Actions are sufficiently similar because they share the same key issues. See <u>Inherent.com v. Martindale-Hubbell</u>, 420 F. Supp. 2d 1093, 1099 (N.D. Cal. 2006) (holding that two actions are not required to be identical or have the same number of parties and claims in order to satisfy the first-to-file rule).

The Court also finds the equitable exceptions of the first-to-file rule to be inapplicable in this case. <u>Ward v. Follet Corp.</u>, 158 F.R.D. 645, 648 (N.D. Cal. 1994). First, the Court finds that Defendant BBW has sufficiently shown that its declaratory judgment action was not an anticipatory filing for the purpose of forum

shopping. The Court finds that Summit did not concretely indicate to BBW that a lawsuit was imminent. In addition, the Court finds that Summit's cease and desist letters did not use explicit language signifying that a lawsuit was imminent. See Intersearch Worldwide, Ltd. v. Intersearch Group, Inc., 544 F. Supp. 2d 949, 960-61 (N.D. Cal. 2008) (holding that "a letter which suggests the possibility of legal action . . . in order to encourage or further a dialogue, is not a specific, imminent threat of legal action").

Furthermore, the Court finds that there is insufficient evidence to establish that BBW filed its declaratory action in order to forum shop. Instead, Defendant BBW persuasively argues that it filed its declaratory action only after failed efforts to initialize settlement discussions with Plaintiff Summit's counsel due to Summit's failure to respond promptly. BBW also persuasively demonstrated that it had substantial connections to warrant filing the suit in New York.

Second, the Court finds that there is insufficient evidence to show that BBW demonstrated bad faith during the Parties' attempts to initialize settlement discussions. Although BBW's filing of its declaratory judgment action may have been a "tactical decision," the evidence suggests that BBW did not mislead Plaintiff Summit into thinking that BBW never intended to engage in settlement discussions. In addition, the

3

Court finds that BBW's delay for 44 days in serving Summit with the New York Action was not unreasonable or done in bad faith because the delay was to encourage settlement to avoid costly litigation. See Guthy-Renker, 179 F.R.D. at 271-72 (holding that plaintiff's delaying service for 87 days did not show that plaintiff's action was improper).

Finally, the Court finds that the balance of convenience exception to the first-to-file rule does not weigh in favor of Plaintiff Summit's California Action. The location of witnesses and parties do not justify a departure from Defendant BBW's choice of forum since both parties have equally compelling reasons to hear the case in their respective forums to avoid inconveniencing their witnesses. See Guthy-Renker, 179 F.R.D. at 273 (concluding that the location of witnesses and evidence is insufficient to justify departure from plaintiff's choice of forum when plaintiff and defendant have equally compelling reasons to litigate in their respective forums).

In addition, the Court finds that the increased calendar congestion in New York is inadequate to shift the balance of convenience in favor of moving this dispute to Plaintiff Summit's choice of a Californian forum. A difference of 2.4 months from filing to disposition between the California and New York forums is insignificant and reveals that there is no substantial difference between the respective trial

calendars.

Finally, the Court finds that both BBW and Summit have substantial connections to the New York forum as both parties still do business in the state of New York. BBW has several brick-and-mortar stores and an office building in New York which houses the design team of the allegedly infringing "TWILIGHT WOODS" trademark. Summit also conducts routine business in New York and has brought suits in New York in the past.

Accordingly, the Court **GRANTS** Defendant's Motion to Transfer pursuant to the first-to-file rule. The Ninth Circuit recognizes that the first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court[.]" <u>Alltrade</u>, 946 F.2d at 623. The Court finds that Plaintiff Summit's additional allegations made in the California Action against Defendant BBW warrant transfer of Plaintiff Summit's California Action rather than its outright dismissal. Transfer of Plaintiff Summit's California Action will allow for expeditious litigation of both Actions.

Furthermore, the Court **DENIES** Defendant BBW's request for incurred costs and attorneys' fees from having to file this Motion. Federal Rule of Civil Procedure 11(b) holds that a written motion must not be frivolous or presented for an improper purpose such as to harass or cause unnecessary delay. Fed. R. Civ. P.

11(b). The Court finds that Defendant BBW has not sufficiently demonstrated that Plaintiff Summit's filing of the suit before this Court amounted to a Federal Rule of Civil Procedure 11(b) violation and therefore **DENIES** Defendant BBW's request for incurred costs and attorneys' fees.

DATED: July 1, 2011

**IT IS SO ORDERED.**

/s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge